IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STEVEN SAHLEIN, EMELINE SAHLEIN,
and RITA SAHLEIN                                                            PLAINTIFFS

v.                                                              Case No. 3:15-cv-109-SA-SAA

CALIBER HOME LOANS, INC.
F/K/A VERICREST FINANCIAL, INC., ET AL.                                     DEFENDANTS

### NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Defendants LSF7 Bermuda NPL V Trust; LSF7 Mortgage Acquisitions II, LLC; Vericrest Opportunity Loan Trust 2011-NPL1; Volt 2011-NPL1 Holdings, LLC; VOLT NPL IX, LLC; and VOLT NPL IX Asset Holdings Trust (collectively the "Caliber Confidential Ownership Defendants") file this memorandum of law in support of its motion to seal any corporate structure and ownership information provided for the Caliber Confidential Ownership Defendants in conjunction with any citizenship allegations made in Plaintiffs' forthcoming proposed amended complaint and any filings associated therewith. This memorandum is brought pursuant to Local Rule 79. In support, the Caliber Confidential Ownership Defendants show as follows:

### BACKGROUND

1.  This relief is sought to protect the Caliber Confidential Ownership Defendants and their affiliated ownership entities from the undue prejudice of public disclosure that would result from filing on the public ECF system confidential information regarding the ownership structure of these entities and their affiliates.

2.  On January 4, 2016, the Court entered an Order to Show Cause as to the Court's jurisdiction to hear this matter. (Doc 28). The Order noted that Plaintiffs failed to adequately

1

plead the citizenship of certain defendants named in the suit and, thereby, failed to establish that the Court has jurisdiction under 28 U.S.C. § 1332. (*Id*. at p. 7). Allowing Plaintiffs additional time and tools to meet their burden of proving diversity jurisdiction, the Court granted the Plaintiffs twenty-eight (28) days to conduct jurisdictional discovery and an additional fourteen (14) days to affirmatively allege the citizenship of the various named defendants. (*Id*. at pp. 7-8).

3. The Plaintiffs then propounded discovery on the defendants identified by the Court in its Order. Specifically, Plaintiffs sought confirmation (1) as to the members/citizenship of certain Caliber Defendant limited liability corporations (LLCs), trusts, and national associations, and (2) where any members are LLCs or Trusts, the identity and citizenship of those members.

4. The Caliber Confidential Ownership Defendants timely and fully responded to Plaintiffs' discovery requests. (Doc. 32). The Caliber Confidential Ownership Defendants designated certain of their responses as "confidential" and reached an agreement with counsel for Plaintiffs to treat the responses as such, subject to a Stipulated Protective Order.

5. The parties therefore jointly moved for a protective order. Magistrate Judge Virden denied the Joint Motion for protective order on February 11, 2016, but allowed for it to be re-urged in compliance with L. U. Civ. P. 79. (Feb. 11, 2016 Text Only Order). The parties expect to file a renewed motion for protective order, consistent with the discussions with the Court in the telephonic status conference held on February 11, 2016. (Feb. 17, 2016 Minute Entry.)

6. The Caliber Confidential Ownership Defendants recognize the need for the Court's separate inquiry regarding filing documents under seal pursuant to local rule and

respectfully request such protection, given the extremely confidential and proprietary nature of the ownership structure for these privately-held entities, as more fully set forth below.

## STANDARD OF REVIEW

7. "A district court has supervisory authority over its records, and we review the court's decision to seal a judicial record for abuse of discretion." *U.S. v. Holy Land Foundation for Relief & Dev'p*, 624 F. 3d 685, 689 (5th Cir. 2010) (citing *SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993)).

8. Local Rule 79(b) also specifies that "any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."[1] Civil L.R. 79(b).

9. To determine whether to allow the sealing of a requested document, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe,* 990 F.2d 845, 848; *see also Cruz v. City of Hammond*, 2015 WL 1525758 (E.D. La. April 2, 2015)) (finding the Court should (1) determine whether valid grounds for the issuance of a protective order have been presented, and (2) balance the public's interest in access against the litigant's interest in confidentiality.).

## ARGUMENT

---

[1] Further, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Miller v. MP Global Products, LLC*, Civ. No. 12-00747-KD-N, 2014 WL 1017887, at *1 (S.D. Ala. March 17, 2014) (quoting *Seattle Times co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Further, Fed. Civ. P. 26(c)(1)(G) sets out that the Court can order "trade secret or other confidential research, development, or commercial information not be revealed or *be revealed only in a specified way*."

4/474014.1

10. The Court should seal any corporate structure and ownership information provided for the Caliber Confidential Ownership Defendants in conjunction with any citizenship allegations made in Plaintiffs' forthcoming proposed amended complaint.[2]

11. Plaintiffs have named thirteen defendants in their quiet title lawsuit. Several of these defendants are corporations or national banking associations whose citizenship is publically accessible and can be readily determined. One defendant is not a corporate entity.[3] The remaining six defendants which comprise the Caliber Confidential Ownership Defendants are either limited liability companies ("LLCs") or trusts whose respective members and beneficiaries are not corporations or individuals, but instead other LLCs, trusts, and limited partnerships. The ownership structure of the Caliber Confidential Ownership Defendants contains a complex, multi-layered structure of investment vehicles, all of which are privately-held. This information is proprietary, confidential, and competitively sensitive, and should be protected from public disclosure.

12. Disclosure of the Caliber Confidential Ownership Defendants' ownership interests at such a granular level would place into the public record the names and identities of entities and persons that are entirely remote from the instant dispute. Additionally, unprotected disclosure of such information could be harmful to the Caliber Confidential Ownership

---

[2] The Court could narrowly tailor the sealing order by requiring that Plaintiffs (a) submit any proposed amended complaint under seal in its entirety; (b) submit under seal all jurisdictional allegations as to the Caliber Confidential Ownership Defendants; or (c) affirmatively allege the citizenship of the Caliber Confidential Ownership Defendants and submit under seal all allegations identifying the entities in these defendants' ownership chain and their citizenship.

[3] VOLT 2013-NPL3 has been named as a defendant, but it is not, nor has it ever been, a corporate entity. VOLT 2013-NPL3 should be dismissed. *See e.g. Hamm v. Saltillo High School*, 2015 WL 9275163, at 2 (N.D. Miss. Dec. 18, 2015) ("Under the Federal Rules of Civil Procedure, capacity to sue or be sued is determined "by the law of the state where the court is located ...." Fed. R. Civ. P. 17(b)") (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991))**.** Mississippi law does not permit nonexistent legal entities to initiate an action in the state (Miss. Code Ann. 79-4-14(f)) and, therefore, the reverse must also be true. In the least, and by definition, this defendant has no citizenship for the Court's consideration.

Defendants, potentially affecting their competitive advantage in the marketplace and exposing these defendants and their ownership entities to lawsuits by other plaintiffs simply for being tangentially affiliated with a mortgage servicer or trust entity. *See Holy Land Foundation*, 624 F. 3d at 689 ("a court may deny access to records if the records become a vehicle for improper purposes") (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (listing various types of improper purposes that favor denying the public access to judicial records); *see also Demarce v. Robinson Property Group, Inc.*, 2013 WL 6528843, *14 (N.D. Miss. Dec. 12, 2013)). Further, certain ownership information ultimately relates to passive investors whose identities and residencies should be shielded from public disclosure.

13. When balancing the interests at stake, the public interest in access to the chain of ownership of privately-held companies and investors is outweighed by the Caliber Confidential Ownership Defendants' corporate owners' interest in protecting proprietary and confidential information associated with those privately-held companies and investors. Any alternative to the sealing of this information will not adequately protect the confidentiality concerns of entities and individuals in the Caliber Confidential Ownership Defendants' chain of ownership, to include various confidentiality agreements between and amongst themselves. However, with the benefit of sealing the corporate structure of the Caliber Confidential Ownership Defendants, ownership and citizenship information can be provided for the *Court's* jurisdictional evaluation without the risk of harm to the Caliber Confidential Ownership Defendants.

14. Notably, the Caliber Confidential Ownership Defendants did not invoke the jurisdiction of this Court. Yet, these defendants – against whom Plaintiffs have not made a single specific allegation in their Complaint – are forced to engage in additional cost and time to

defend themselves and to protect their proprietary interests in Plaintiffs' chosen forum. The confidentiality of the members and beneficiaries should not be compromised by Plaintiffs' choice of forum for their quiet title action.

15. Taken together, the present circumstances demonstrate clear and compelling reasons that warrant sealing protection, which can be narrowly tailored to citizenship allegations made in any filing associated with Plaintiffs' proposed amended complaint.

16. The Caliber Confidential Ownership Defendants respect the Court's authority and its need to evaluate whether diversity jurisdiction exists. The Caliber Confidential Ownership Defendants respectfully request that the various layers of citizenship information for these six defendants be submitted under seal pursuant to Local Uniform Rule 79. Sealing the Caliber Confidential Ownership Defendants' corporate ownership information will effectuate the Court's ability to assess its jurisdiction under 28 U.S.C. § 1332, and will also protect commercially sensitive and confidential information regarding the Caliber Confidential Ownership Defendants.

17. Similar requests to seal corporate ownership information have been granted by other district courts. *See Lake Bistrineau Royalty Co. v. Chesapeake Louisiana, LP,* 2015 U.S. Dist. LEXIS 141385, at *2-3 (W.D. La. July 6, 2015) ("plaintiff filed under seal a document in which it set forth with specificity the identity of the various members and states in which they are citizens"); *ERC Props. V. Cetnerline Corporate Partners IV LP,* 2015 U.S. Dist. LEXIS 97562, at *9 (W.D. Ark. July 27, 2015) (remanding due to lack of diversity jurisdiction, but commenting that if diversity jurisdiction were present it would permit an affidavit to be filed under seal setting forth the citizenship of the LLC's members); *D.B. Swirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F. 3d 124, 127 (1st Cir. 2011) (ordering defendant to file an affidavit under seal identifying its members and their citizenship and also tracing the citizenship

of any unincorporated association through its layers of members or partners); *see also Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-cv-00932, 2014 WL 5687730, at *1-2 (D. Nev. Nov. 4, 2014) (granting motion to seal/file redacted certificate of interested parties that would disclose parent corporations for good cause shown); *James R. Driggers v. Caliber Home Loans, Inc.*, CV-16-00011-N, in the United States District Court for the Southern District of Alabama (Southern Division) (Feb. 10, 2016 Order (Doc. 14), attached as Exhibit A to the instant Motion) (granting Caliber Home Loans, Inc.'s motion to file amended corporate disclosure statement under seal, "as there is no reasonable alternative to filing under seal which will prevent disclosure of Defendant's confidential information").

WHEREFORE, PREMISES CONSIDERED, the Caliber Confidential Ownership Defendants request that the Court grant this Motion to seal any corporate structure and ownership information provided for these six defendants, in conjunction with any citizenship allegations made in filings associated with Plaintiffs' amended complaint.

Respectfully submitted, this the 19th day of February, 2016.

/s/Meade Hartfield
C. Meade Hartfield (MBN 102101)
Erin Saltaformaggio (MBN 103999)
BRADLEY ARANT BOULT CUMMINGS LLP
Suite 400, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mhartfield@babc.com
esaltaformaggio@babc.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this the <u>19th</u> day of February, 2016 I served a true and correct copy of the foregoing via electronic filing with the Clerk of Court, which sends notice to all counsel of record.

                                                   */s/Meade Hartfield*
                                                   OF COUNSEL