IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STEVEN SAHLEIN, EMELINE SAHLEIN,
and RITA SAHLEIN                                                                PLAINTIFFS

v.                                                                  Case No. 3:15-cv-109-SA-JMV

CALIBER HOME LOANS, INC.
F/K/A VERICREST FINANCIAL, INC., ET AL.                                         DEFENDANTS

## ORDER ON MOTION TO SEAL

The Court, having considered the Motion to Seal [35] filed by Defendants LSF7 Bermuda NPL V Trust; LSF7 Mortgage Acquisitions II, LLC; Vericrest Opportunity Loan Trust 2011-NPL1; Volt 2011-NPL1 Holdings, LLC; VOLT NPL IX, LLC; and VOLT NPL IX Asset Holdings Trust (collectively the "Caliber Confidential Ownership Defendants"), finds that the Motion should be granted with modification.[1]

Local Rule 79(b) specifies that "any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.U. Civ. R. 79(b). To determine whether to allow the sealing of a requested document, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993). Upon weighing the competing interests, the undersigned finds that the Caliber Confidential Ownership Defendants have provided clear and compelling reasons for protecting the disclosure of its confidential business structure.

---

[1] Notably, the Motion to Seal [35] is unopposed.

Here, the public interest in access to the chain of ownership of privately-held companies and investors is outweighed by the Caliber Confidential Ownership Defendants' corporate owners' interest in protecting proprietary and confidential information associated with those privately-held companies and investors. Additionally, unprotected disclosure of such information could be harmful to the Caliber Confidential Ownership Defendants, potentially affecting their competitive advantage in the marketplace. The Caliber Confidential Ownership Defendants have further alleged that certain ownership information ultimately relates to passive investors whose identities and residencies should be shielded from public disclosure. Accordingly, any alternative to the sealing of this information will not adequately protect the confidentiality concerns of entities and individuals in the Caliber Confidential Ownership Defendants' chain of ownership.

Similar requests to seal corporate ownership information have been granted by other district courts. *See Lake Bistrineau Royalty Co. v. Chesapeake Louisiana, LP,* 2015 U.S. Dist. LEXIS 141385, at *2-3 (W.D. La. July 6, 2015) ("plaintiff filed under seal a document in which it set forth with specificity the identity of the various members and states in which they are citizens"); *ERC Props. v. Centerline Corporate Partners IV LP,* 2015 U.S. Dist. LEXIS 97562, at *9 (W.D. Ark. July 27, 2015) (remanding due to lack of diversity jurisdiction, but commenting that if diversity jurisdiction were present it would permit an affidavit to be filed under seal setting forth the citizenship of the LLC's members); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F. 3d 124, 127 (1st Cir. 2011) (ordering defendant to file an affidavit under seal identifying its members and their citizenship and also tracing the citizenship of any unincorporated association through its layers of members or partners); *see also Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-cv-00932, 2014 WL 5687730, at *1-2 (D. Nev. Nov. 4, 2014)

(granting motion to seal/file redacted certificate of interested parties that would disclose parent corporations for good cause shown).

The Caliber Confidential Ownership Defendants have alleged specific and likely harm that would result from allowing public access to its confidential business information. As required under Local Rule 79(b), the reasons to seal the information in question are clear and compelling, and sealing the ownership information of these six Defendants is a means narrowly tailored to the ends. This court, however, finds inadequate grounds to seal the proposed amended complaint in its entirety.

**IT IS, THEREFORE, ORDERED** that the Caliber Confidential Ownership Defendants' Motion to Seal [35] is hereby **GRANTED AS MODIFIED.**

Any allegations regarding the ownership of the Caliber Confidential Ownership Defendants in any proposed amended complaint, or otherwise disclosed on the public docket, shall be redacted. In addition, a non-redacted copy of the proposed amended complaint, or other docketed document containing the redacted information shall be submitted directly to the court so that it can determine the adequacy of diversity jurisdiction under 28 U.S.C. § 1332.

The time allowed for the filing of the redacted proposed amended complaint on the public docketing system, or for filing such other document containing such confidential ownership information as may be required by the District Judge, and the submission of the non-redacted copy(ies) to the court shall be ruled on separately in a forthcoming text order or written opinion by the District Judge.

**SO ORDERED,** this the 23rd day of February, 2016.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE