IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STEVEN SAHLEIN,                                                        PLAINTIFFS
EMELINE SAHLEIN, and
RITA SAHLEIN

V.                                                    CIVIL ACTION NO. 3:15-CV-109-SA-JMV

CALIBER HOME LOANS, INC., et al                                      DEFENDANTS

MEMORANDUM OPINION

Plaintiffs filed this action on June 30, 2015, pursuing, *inter alia*, a claim for relief under

Mississippi's Quiet Title action, and premising federal jurisdiction on diversity of citizenship.

The diversity statute, 28 U.S.C. Section 1332, is satisfied upon a showing of (1) diversity

between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest

and costs. Diversity, as prescribed by Section 1332, requires that "all persons on one side of the

controversy be citizens of different states than all persons on the other side." *Harvey v. Grey*

*Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

Where "jurisdiction depends on citizenship, citizenship must be "*distinctly* and *affirmatively*

alleged." *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th

Cir. 1988). The burden of proving diversity jurisdiction "rests upon the party who seeks to

invoke the court's diversity jurisdiction." *Id.* Further, the Court has "an independent obligation to

determine whether subject-matter jurisdiction exists . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500,

501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).

Because the Plaintiffs, as the parties invoking this Court's jurisdiction, failed to

"distinctly and affirmatively" allege the citizenship of the parties in their complaint, this Court

issued an order to show cause as to jurisdiction [28]. *Getty Oil*, 841 F.2d at 1259. This case

involves more than sixteen parties including individuals, corporations, trusts, LLCs, and national banking associations. In the order to show cause, the Court specified several insufficiencies in the Plaintiffs' jurisdictional allegations and described the jurisdictional requirements for a variety of party types. The Court provided substantial time for the parties to conduct jurisdictional related discovery and to respond to the Court's order. The Parties requested additional time to respond, and the Court granted the Parties' request. The Plaintiffs filed a proposed amended complaint on March 1, 2016 [48-1]. The amended complaint contains many of the same defects as the original complaint.

For example, based on the language used it is unclear whether several of the allegations refer to principle places of business or agents for service of process. This distinction is critical for the Court to assess diversity. *See, e.g., Getty Oil*, 841 F.2d at 1259 (stating "when 'distinctly and affirmatively alleged,' the state of incorporation and *principal place of business* are sufficient jurisdictional facts to establish a corporation's citizenship") (emphasis added). The Plaintiffs have also failed to allege jurisdictional facts as they existed at the time the complaint was filed despite this issue being highlighted in the Court's previous order. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, 124 S. Ct. 1920, 1924, 158 L. Ed. 2d 866 (2004) (stating "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought'" (quoting *Mollan v. Torrance,* 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)).

Further, for several of the LLCs involved, the Plaintiffs have failed to adequately allege the citizenship of all of their members, and all of the members of the successive LLCs. *See Harvey*, 542 F.3d at 1079-80 (stating that the Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of *all* its members") (emphasis added). The Plaintiffs have

also failed to adequately allege the citizenship of several national banking associations involved. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 942, 163 L. Ed. 2d 797 (2006).

It is well established that federal courts have limited subject matter jurisdiction, and "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); 13 Charles Alan Wright & Arthur R. Miller, et al, Federal Practice & Procedure § 3522 (3d ed.). A "district court must be certain that the parties are in fact diverse before proceeding to the merits of the case" *Getty*, 841 F.2d at 1258 (citing *B. Inc. v. Miller Brewing*, 663 F.2d 545, 548–49 (5th Cir. 1981); *see also* FED. R. CIV. P. 12(h)(3). Because the Plaintiffs failed to meet their burden of proving diversity, and failed to comply with the Court's order to show cause, Federal Rule of Civil Procedure 12(h)(3) requires dismissal.

This case is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. This case is CLOSED.

**SO ORDERED, this the 17th day of May, 2016.**

**/s/   Sharion Aycock_____**
**UNITED STATES DISTRICT JUDGE**